UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



MIKEYLA K. MITCHELL,

    Plaintiff,

v.                                                    ACTION NO. 2:19cv93

RALEIGH A. BEARD, IV, *et al.*,

    Defendants.

## DISMISSAL ORDER

On February 25, 2019, Plaintiff Mikeyla K. Mitchell ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Complaint. IFP Appl., ECF No. 1. On March 12, 2019, the Court granted Plaintiff's IFP Application, and directed the Clerk to file Plaintiff's Complaint. Order Show Cause at 1, ECF No. 2. However, the Court explained that Plaintiff's Complaint "suffer[ed] from defects that must be addressed before this action may proceed." *Id.*

In her Complaint, which was difficult to decipher, Plaintiff identified the Defendants as: (i) Raleigh A. Beard, IV; (ii) Tasha Reid; (iii) Lorenzo Hicks, Jr.; (iv) William K. Braun; (v) the United States Department of Homeland Security; (vi) the Central Intelligence Agency; (vii) the United States Department of Justice; (viii) the United States Department of Defense; and (ix) the Portsmouth Police Department (collectively "Defendants"). Compl. at 2-3, ECF No. 3. Plaintiff claimed that Defendants "exploited, defamed, humiliated, embarrassed, molested, [and] abused" Plaintiff, and "violated [Plaintiff's] constitutional rights." *Id.* at 14. However, Plaintiff did not provide any specific facts regarding the alleged wrongdoing. *Id.* at 1-19. Instead, Plaintiff's

Complaint was filled with unexplained references to "excessive force," "premeditated behavior by all religions," "methods used to humiliate and destroy," "observed negligence," "manipulation," "diagnosed chlamydia, hepatitis C, oral herpes, and molestation," "unwanted sexual advan[c]es," a "laced blunt . . . with rat attractant," "threats to force [Plaintiff] into a[] psych ward," "domestic violence," "d[i]scrimination," privacy violations, "voodoo," "satanic praise," "praise and worship," "prophesy," "electromagnetic devices," "fraud," and "forgery of signature." *Id.* at 10-18.

It appeared to the Court that dismissal of Plaintiff's action was warranted under 28 U.S.C. § 1915(e)(2). In an Order to Show Cause dated March 12, 2019, the Court explained:

> Pursuant to 28 U.S.C. § 1915(e)(2), the Court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous if it is based on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Plaintiff's Complaint does not assert a meritorious legal theory and does not state a claim against any Defendant on which relief may be granted.

Order Show Cause at 2.

Although dismissal of this action was warranted, the Court, in deference to Plaintiff's *pro se* status, provided Plaintiff with an opportunity to address the defects of her Complaint. The Court stated:

> Plaintiff is **ORDERED** to **SHOW CAUSE** why this action should not be dismissed by filing an Amended Complaint within thirty days of the date of entry of this Order to Show Cause. The Amended Complaint must clearly state all claims that Plaintiff intends to assert against each Defendant, identify a valid basis for the Court's jurisdiction over such claims, and set forth all factual allegations upon which Plaintiff's claims are based. The Amended Complaint must explain who took what action, when the actions were taken, and why the actions were wrongful.

*Id.* at 2-3.

Plaintiff filed an Amended Complaint on March 18, 2019. Am. Compl., ECF No. 5. In her Amended Complaint, Plaintiff appears to alter the named Defendants in this action. *Id.* at 2-3. It appears that Plaintiff no longer seeks to assert claims against the Central Intelligence Agency, the United States Department of Justice, the United States Department of Defense, or the Portsmouth Police Department. *Id.* However, Plaintiff appears to add "All Religions" and an individual named Diego Mullen as Defendants in this action. *Id.*

Plaintiff's Amended Complaint, like her initial Complaint, is difficult to decipher. *Id.* at 1-11. In summarizing the basis for her Amended Complaint, Plaintiff states:

> These individuals and groups such as religions have left an influence, shock, trauma and negligence towards the female and male prostate area. Domestic violence, death, voodoo, magic, black mamba, sorcery, alchemy, luciding and usage of electronic devices has been used as methods to manipulate lives and life. Medical records confirm sequel and plotting recognized orally, written, verbal, physically and mentally even within reoccurring treatments and healing process. These groups and individuals conscious and unconscious state has left the mind, body and soul in a controlled state recognized within police state, police brutality and slavery although servitude discrimination has risen recognition especially hair.
>
> Expressed documents and writings within images, radio, magnetic and the five senses even if muted bring inability and ability to defend, persecute, detain, evaluate and protect within the will of MGod, God, rights, law and regulations. There is no power of attorney, attorney or representative desired due to observance and timing.

*Id.* at 7 (errors in original). Plaintiff also alleges that she was molested by one of the named Defendants, and refers to "excessive force," privacy violations, "domestic violence," and the like. *Id.* at 8-9.

As the Court has previously explained to Plaintiff, 28 U.S.C. § 1915(e)(2) requires the Court to dismiss a case that "is frivolous or . . . fails to state a claim on which relief may be granted." Order Show Cause at 2 (citing 28 U.S.C. § 1915(e)(2)). In its March 12, 2019 Order to Show Cause, the Court advised Plaintiff that her Complaint "d[id] not assert a meritorious

3

legal theory and d[id] not state a claim against any Defendant on which relief may be granted." *Id.* Although the Court provided Plaintiff with an opportunity to file an Amended Complaint, the Court finds that Plaintiff's Amended Complaint likewise does not assert a meritorious legal theory or state a claim against any Defendant on which relief may be granted. The Court also finds that any further attempts at amendment would be futile. For these reasons, Plaintiff's action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within sixty days from the date of entry of this Dismissal Order.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff.

IT IS SO **ORDERED**.

/s/ MSW
_____
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 15, 2019